# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADI HOD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KEURIG DR PEPPER INC.,<br><br>Defendant. | ) )<br>) CIVIL ACTION NO.:<br>) )<br>) )<br>) REMOVED FROM THE SUPERIOR<br>) COURT OF SUFFOLK COUNTY,<br>) COMMONWEALTH OF<br>) MASSACHUSETTS C.A. NO.<br>) 2584cv01128-BLS2<br>) |

## DEFENDANT KEURIG DR PEPPER INC.'S NOTICE OF REMOVAL

Defendant Keurig Dr Pepper Inc. ("KDP"), hereby files this Notice of Removal of the above-captioned action from the Trial Court of Massachusetts, Suffolk Superior Court, Civil Action No. 2584cv01128-BLS2, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, on the basis of the facts set forth below:

1. On April 28, 2025, Plaintiff Adi Hod ("Plaintiff") commenced this alleged class action in the Superior Court of Suffolk County, Commonwealth of Massachusetts, captioned *Hod v. Keurig Dr Pepper Inc.*, docket no. 2584cv01128-BLS2 ("State Court Action"). A true and correct copy of the Complaint and Civil Action Cover Sheet are attached as **EXHIBIT A**.

2. On May 20, 2025, KDP was served with the summons and complaint. *See* Exhibit A.

3. Copies of all other pleadings and orders (those not included in the service package) from the State Court Action are attached hereto as **EXHIBIT B**.

4. Because KDP filed this Notice of Removal within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b); *see Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-55 (1999).

**THIS CASE IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT**

5. The Court has original jurisdiction of this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part in 28 U.S.C. § 1332(d)(2). As set forth below, this action is removable, pursuant to the provisions of 28 U.S.C. § 1441, as the amount in controversy exceeds $5,000,000, exclusive of interest and costs; the action includes more than 100 putative class members; and the action is a class action in which at least one class member is a citizen of a different state from that of at least one defendant.

*Plaintiff and KDP are Minimally Diverse*

6. As alleged in the Complaint, Plaintiff resides in Burlington, Massachusetts and is, therefore, a citizen and resident of the Commonwealth of Massachusetts. (Compl. ¶ 6).

7. As alleged in the Complaint, KDP is a Delaware corporation with its principal place of business in Frisco, TX. (Compl. ¶ 7); *see also* **EXHIBIT C**, Delaware Secretary of State Corporation Good Standing Status.

8. Therefore, for purposes of CAFA jurisdiction, KDP and Plaintiff are minimally diverse, and removal is proper. 28 U.S.C. § 1332(d)(2)(A)-(B); *McMorris v. TJX Cos.*, 493 F. Supp. 2d 158, 162 (D. Mass. 2007) (holding that under CAFA, "the U.S. Congress has abandoned the 'complete' diversity requirement. Instead, CAFA requires only 'minimal' diversity between adverse parties. Therefore, under CAFA, diversity jurisdiction exists in class actions so long as **any** member of a class of plaintiffs is a citizen of a state different from **any** defendant." (emphasis added)).

*There are More than 100 Class Members*

9. Plaintiff seeks to represent a putative class of "all individuals who applied for a Massachusetts-based position of employment with [KDP]." (Compl. ¶ 15).

10. Plaintiff asserts that the number of class members is in "the thousands." (Compl. ¶ 16). At this stage, Plaintiff is seeking to represent, by his own allegations, several thousand putative class members. As such, there are well over 100 class members.

*There Is a Reasonable Probability that the Amount in Controversy Exceeds $5,000,000*

11. A party seeking to remove a complaint under CAFA "must show 'a reasonable probability'" that more than $5 million is in dispute." *Pazol v. Tough Mudder Inc.*, 819 F.3d 548, 552 (1st Cir. 2016). The burden of establishing the amount in controversy is "not an onerous one." *Manson v. GMAC Mortg., LLC*, 602 F. Supp. 2d 289, 294 n.9 (D. Mass. 2009).

12. Under CAFA, the Court determines the amount in controversy by "aggregating the claims of the proposed class members." *Blumer v. Acu-Gen Biolabs, Inc.*, 638 F. Supp. 2d 81, 85-86 (D. Mass. 2009); *accord Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2012) (noting that CAFA "tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million."). Moreover, under CAFA, there is no presumption against removal to federal court. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

13. In assessing the amount that the plaintiff's complaint places in controversy, the Court must consider "possible damages" the class **may** recover if the plaintiff prevails, rather than the amount the class is **likely to** recover. *Cooper v. Charter Commc'ns Entm'ts I, LLC*, 760 F.3d 103, 106 (1st Cir. 2014); *accord Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) ("[T]he pertinent question is what is in controversy in the case, not how much the plaintiffs are likely to recover."). In other words, KDP need only make a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.

14. A defendant may establish the jurisdictional amount by calculation from the complaint's allegations, by reference to the plaintiff's informal estimates or settlement demands, or by introducing evidence, in the form of affidavits from the defendant's employees about how much it would cost to satisfy the plaintiff's demands. *Amoche*, 556 F.3d at 52; *Garick v. Mercedes-Benz USA, LLC*, No. 2018 WL 1570163, 2018 WL 1570163, at *3 (D. Mass. Mar. 30, 2018); *accord Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 78 (1st Cir. 2014) ("[C]orrespondence from the plaintiff to the defendant concerning damages can constitute an 'other paper' for purposes of Section 1446(b)(3).").

15. In this case, Plaintiff's Complaint seeks statutory damages of not less than $500 per violation pursuant to M.G.L. c. 149, §19(B)(2)(b). (Compl. ¶ 27).

16. Plaintiff does not attach a specific dollar amount to the total damages he claims in the Complaint. However, in his Complaint, Plaintiff alleges the existence of "thousands" of potential class members. (Compl. ¶ 16).

17. According to KDP's initial research, KDP anticipates that the putative class, as alleged, will consist of at least 10,000 individuals that applied to jobs with KDP in Massachusetts since April 28, 2022. (**EXHIBIT D**, Declaration of Paul Tang ¶¶ 2-4). Plaintiff alleges that each class member would be entitled to $500.00 in "statutory damages." Thus, Plaintiff's allegations place at least $5,000,000 in potential damages in controversy. Plaintiff also seeks attorneys' fees and costs. (Compl. ¶ 27).[1]

18. Because diversity of citizenship exists under CAFA, there are more than 100 putative class members, and the amount in controversy exceeds $5,000,000, this Court has original jurisdiction

---

[1] As explained above, in providing an assessment of Plaintiff's class action claims for purposes of establishing removal under CAFA, KDP makes no concession of liability and no concession that Plaintiff or any putative class members have been damaged or are entitled to any relief whatsoever.

of the action pursuant to 28 U.S.C. § 1332(d)(2).[2] This action is, therefore, a proper one for removal to this Court.

## VENUE AND NOTICE

19. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 101, this Court embraces the Suffolk County Superior Court, Commonwealth of Massachusetts. Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

20. Prompt written notice of this Notice of Removal has been sent to Plaintiff through his counsel and to the Clerk of Court for the Trial Court of Massachusetts, Suffolk County Superior Court, as required by 28 U.S.C. § 1446(d). A copy of this notice is attached as **EXHIBIT E**.

## CONCLUSION

21. Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and therefore, the Court may properly exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

22. KDP submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff or any putative class member is entitled to any monetary or equitable relief whatsoever (or that the damages he seeks may be properly sought).

23. Should Plaintiff seek to remand this case to state court, KDP respectfully asks that it be permitted to brief and argue the issue of removal prior to any order remanding this case. In the

---

[2] A notice of removal need only contain allegations that the CAFA jurisdictional requirements are met. *See Amoche*, 556 F.3d at 43 (1st Cir. 2009) (considering evidence supporting amount in controversy requirement alleged in defendant's notice of removal only after plaintiff filed a motion to remand). To the extent there is any challenge to federal subject matter jurisdiction in this matter, KDP reserves the right to submit evidence establishing the facts giving rise to such jurisdiction.

event the Court decides remand is proper, KDP respectfully requests that the Court retain jurisdiction and allow KDP to file a motion asking this Court to certify any remand order for interlocutory review by the First Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendant KDP submits that this action is properly removable based on federal diversity jurisdiction and respectfully shows that the above-described action pending against it has been removed to the United States District Court for the District of Massachusetts. KDP also requests all other relief, at law or in equity, to which it is entitled.

Dated: June 18, 2025

        KEURIG DR PEPPER INC.,

        By its attorneys,

        /s/ *Kelly M. Pesce*
Kelly M. Pesce (BBO#689887)
Jack S. Gearan (BBO#668372)
GREENBERG TAURIG, LLP
One International Place
Boston, MA 02110
Telephone: (617) 310-6000
Facsimile: (617) 310-6001
kelly.pesce@gtlaw.com
gearanj@gtlaw.com

## **CERTIFICATE OF SERVICE**

I certify that on June 18, 2025, I filed the foregoing DEFENDANT KEURIG DR PEPPER INC.'S NOTICE OF REMOVAL, CIVIL COVER SHEET, AND CATEGORY SHEET with the Clerk of Court using the CM/ECF system. True and correct copies of the foregoing were also served via email on Plaintiff's counsel, as follows:

James J. Reardon, Jr.
45 South Main Street, 3rd Floor
West Hartford, CT 06107
Telephone: (860) 955-9455
Fax: (860) 920-5242
James.reardon@reardonscanlon.com

ARISOHN LLC
Joshua D. Arisohn
513 8th Avenue, #2
Brooklyn, NY 11215
Telephone: (917) 656-0569
josh@arisohnllc.com

                                                */s/ Kelly M. Pesce*
                                                Kelly M. Pesce